FILED
SEP 13 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

BENEDICTO SALINAS-DURAN,  )
    PETITIONER, PRO SE,  )
                      ) CASE No. 04-CV-3154

VS.  )

UNITED STATES OF AMERICA,  )
    RESPONDENT  )

PETITIONER'S REPLY TO "GOVERNMENT'S MOTION FOR SUMMARY
DISMISSAL OF PETITIONER'S MOTION PURSUANT TO 28 USC SEC 2255

    Petitioner, through pro se assistance, hereby moves this honorable court, under the auspices of Haines v. Kerner, 404 U.S. 519 (1972), and files this Reply motion to the government's motion to summarily dismiss for untimeliness, and prays that this court dismiss the government's motion for the following exceptional reasons:

1.     On 9-3-04, petitioner received the government's motion to dismiss for untimeliness. According to the prosecutor, on November 27, 2002, the appeals court granted counsel's motion to withdraw and dismiss the petitioner's direct appeal. But, the prosecutor did not tell this court that counsel did not inform him about the motion to withdraw and dismiss appeal and did not send petitioner a copy of the appeals court's order granting counsel's motion to withdraw and dismiss the appeal. Petitioner is now finding out about the direct appeal for the first time. Counsel is indeed barbaric or mentally sick.

2.     Pursuant to 28 USC sec 1746, petitioner swears under the penalty of perjury that he does not read English and does not know American law, and he totally depended on counsel for his legal problem. That this prosecutor's motion is the first time he learned what happened to his direct appeal because counsel stopped communicating with him after he was sentenced. He wrote letters to counsel to file his direct appeal with the help of another inmate but counsel didnot reply. Yes, the prosecutor is correct to say that the sec 2255 motion was late, but he failed to

show petitioner and this honorable court how in this world would petitioner been able to know about counsel's sabotage of his direct appeal when counsel refused to communicate with him after sentencing, to the extent of knowing when the time for his petition for certiorari began to run ? The conscience of this court and that of the prosecutor cannot honestly blame petitioner for counsel's barbaric sabotage. Thus, the government's motion is a newly discovered evidence that warrants his sec 2255 motion to be timely under 28 USC sec 2255(4) because the government's motion clearly exposed counsel's barbaric sabotaging ineffectiveness that created an unfair impediment against petitioner's procedural due process guarantee that this court should correct. There is no doubt that this newly discovered facts from the government's motion has exposed an extraordinary situation of counsel's barbaric denial of petitioner his right to effective counsel on direct appeal. See Douglas v.California,372 US 353, 9 L.Ed 2d 811,815(1963). Petitioner's motion is timely under sec 2255(4).

3.   As to petitioner's supplemental motion, the government's claim is misplaced. Based on the inquisitional nature of the "open plea" without counsel's objection, the fifth and sixth amendments procedural due process guarantees demand that Crawford v.Washington,158 L.Ed 2d 177(2004) is applicable to petitioner and his supplemental motion is timely under sec 2255(3), and (4)(based on the newly discovered evidence of counsel's sabotage of his direct appeal). Because Pointer v.Texas, 380 US 400,406(1965) held that the right to confront an accuser applies in all phase of the criminal proceding, the government's claim that the right to confront an accuser is inapplicable at sentencing is very misplaced. Because the inquisitional nature of the "open plea" without counsel's objection and the fabricated multi-kilos of cocaine accusation by lying informants created an extraordinary situation that makes counsel's failure to enforce petitioner's confrontation right at sentencing an issue within the jurisdictional power of court to address on the merit for relief, It is plain error of a constitutional magnitude at the punishment stage of the

criminal proceeding under the sixth amendment. Crawford is retroactively applied. See Murillo v.Frank,316 F.Supp.2d 744(E.D.Wis.2004).

WHEREFORE,petitioner prays that this court dismiss the government's motion and grant his sec 2255 motion in the interest of justice.

Dated 4th day of September,2004.

Respectfully submitted,

Benedicto Salinas-Duran,
#12705-026,
P.o.box 1000,
FCI-Milan,Michigan 48160

REPLY MOTION ARGUED BY:RALPHAEL OKORO,PRO SE.

## CERTIFICATE OF SERVICE

Petitioner certifies that on this 4th day of September,2004, he has served the Clerk of court with an original and one copy of this reply motion, and a copy to the prosecutor, by depositing same in the mail box here in FCI-Milan, Michigan 48160. 28 USC sec 1746.

Benedicto Salinas-Duran
Declarant