E-FILED
Friday, 03 December, 2004  10:49:50 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BENEDICTO SALINAS DURAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No.  04-3154 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Benedicto Salinas Duran filed a Pro Se Motion to Set Aside and Vacate Sentence under 28 U.S.C. § 2255 (Petition) (d/e 1) on July 16, 2004.  This matter comes before the Court on the Government's Motion for Summary Dismissal of Petitioner's Motion pursuant to 28 U.S.C. § 2255 (d/e 7)(Motion to Dismiss).  For the reasons set forth below, the Motion to Dismiss is allowed, and Duran's Petition is dismissed.

A grand jury indicted Duran on June 8, 2001, on two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).  The Indictment did not allege the quantity of cocaine that Duran was charged with distributing.  On August 2, 2001, Duran entered an open plea to

1

Count Two of the Indictment. Duran was sentenced on December 7, 2001, at which time the Court found his offense level to be 35. The Court determined that Duran's criminal history category was I, resulting in a sentencing range of 168 to 210 months. The Government made a motion under U.S.S.G. § 5K1.1 for a downward departure from the applicable sentencing range, which the Court allowed. Duran was sentenced to 144 months imprisonment on Count Two, and Count One was dismissed on the Government's motion. Duran filed a timely appeal which was dismissed by the United States Court of Appeals for the Seventh Circuit on November 27, 2002. Duran did not seek review by the United States Supreme Court.

Duran filed the present action on July 16, 2004. The Court ordered the Government to respond to the Petition pursuant to Rule 4 of the Rules Governing § 2255 Cases. With leave of Court, Duran filed a supplement to his Petition on August 19, 2004. On August 31, 2004, the Government filed a Motion to Dismiss Duran's Petition, which is now before the Court.

Duran raises three issues in asking the Court to vacate his sentence. Duran first contends that his sentence is invalid under Blakely v. Washington, 124 S.Ct. 2531 (2004). Duran further asserts that Crawford v. Washington should be applied retroactively to his case. Crawford, 541

2

U.S. 36, 124 S.Ct. 1354 (2004). Finally, Duran raises ineffective assistance of counsel claims. In response, the Government contends the Petition should be dismissed because Duran's claims are untimely under 28 U.S.C. § 2255.

Duran failed to file his Petition within one year of the date on which his conviction became final. See 28 U.S.C. § 2255(1). When a defendant in a federal criminal case takes an unsuccessful direct appeal and does not petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a petition for certiorari expires. Clay v. United States, 537 U.S. 522, 532 (2003). Duran's time for seeking Supreme Court review expired on February 25, 2003. He filed his Petition on July 16, 2004, more than one year later. Nevertheless, Duran asserts that his Petition is timely under § 2255(3) and (4). The Court disagrees.

It is undisputed that Duran's conviction became final before the Supreme Court issued its decisions in Blakely and Crawford. Duran relies on § 2255(3) in asserting that his Blakely and Crawford claims are timely. Under 28 U.S.C. § 2255(3), the applicable one year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

3

Court and made retroactively applicable to cases on collateral review." This Court held in <u>Morris v. United States</u> that <u>Blakely</u> does not apply retroactively to cases on collateral review, and therefore, Duran cannot invoke <u>Blakely</u> as a means of challenging his sentence under § 2255(3).  <u>See Morris v. United States</u>, 333 F.Supp.2d 759 (C.D. Ill. 2004).

Similarly, the Court finds the rule of criminal procedure announced in <u>Crawford</u> cannot be applied retroactively to Duran's case.  The <u>Crawford</u> court held that the admission at trial of testimonial hearsay evidence violates the Confrontation Clause absent unavailability of the witness and a prior opportunity for cross-examination.  <u>Crawford</u>, 124 S.Ct. at 1374. Duran waived his right to trial and entered an open plea of guilty to one count of the Indictment.  While Duran, who is acting <u>pro se</u>, does not fully develop his argument, the only possible application of <u>Crawford</u> to his case involves his sentencing hearing.  Therefore, Duran's <u>Crawford</u> claim clearly hinges on <u>Blakely</u>, which is not retroactively applicable.   Additionally, <u>Crawford</u> itself does not apply retroactively to cases on collateral review. The Supreme Court has recognized a three-step process for determining retroactivity.  <u>Beard v. Banks</u>, 124 S.Ct. 2504, 2510 (2004).

Under [<u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989) (plurality

4

opinion)], the determination whether a constitutional rule of criminal procedure applies to a case on collateral review involves a three-step process.  First, the court must determine when the defendant's conviction became final.  Second, it must ascertain the legal landscape as it then existed, and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule.  That is, the court must decide whether the rule is actually new.  Finally, if the rule is new, the court must consider whether it falls within either of the two exceptions to nonretroactivity.

Id. (internal quotations and citations omitted).

As previously noted, Duran's conviction became final on February 25, 2003.  Crawford was decided the following year.  The Crawford decision clearly announced a new rule which was not dictated by then-existing precedent or readily apparent to all reasonable jurists.  See Beard v. Banks, 124 S.Ct. at 2511.  Prior to Crawford, Ohio v. Roberts provided the appropriate test for admissibility of all hearsay evidence.  Roberts, 448 U.S. 56 (1980).  As the Court in Crawford noted, the Roberts' test, when applied to testimonial statements, is at odds with Crawford's ruling.  Crawford, 124 S.Ct. at 1369-70; see also United States v. Hite, 364 F.3d 874, 883 n.12 (7th Cir. 2004); Murillo v. Frank, 316 F.Supp.2d 744, 749-50 (E.D. Wis. 2004); accord Crawford, 124 S.Ct. at 1374 (Rhenquist, C.J., dissenting) (characterizing the majority opinion as a "new interpretation of the

Confrontation Clause").

Finally, assuming that, after <u>Blakely</u>, the rule in <u>Crawford</u> applies to the sentencing phase, there is no indication in <u>Crawford</u> that its holding should be applied retroactively, nor does it fall within the two recognized exceptions to the general bar on retroactive application of new rules of criminal procedure set out in <u>Teague</u>.[1]  The first <u>Teague</u> exception, which allows retroactive application of "rules forbidding punishment 'of certain primary conduct . . . [as well as] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense'," does not apply to the present case.  <u>Beard</u>, 124 S.Ct. at 2513 (<u>quoting</u> <u>Penry v. Lynaugh</u>, 492 U.S. 302, 330 (1989)).  The second exception allows for retroactivity for "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Graham v. Collins</u>, 506 U.S. 461, 478 (1993).  This is a limited exception, "clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty."  <u>Beard</u>,

---

[1]Justice Breyer's dissent in <u>Blakely</u> suggests that it is unclear what evidentiary rules apply to sentencing factors, querying whether <u>Crawford</u> would apply to bar the use of presentence reports which base their conclusions on "layers of hearsay."  <u>Blakely</u>, 124 S.Ct. at 2561 (Breyer, J., dissenting).

124 S.Ct. at 2513 (internal quotations and citations omitted). The Supreme Court has yet to recognize a rule that falls under the second <u>Teague</u> exception. <u>Id</u>. at 2513-14. For guidance as to the type of rule that might fall within the exception, the Court has pointed only to the rule announced in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963). <u>Beard</u>, 124 S.Ct. at 2514.

As the <u>Crawford</u> Court noted, the "Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" <u>Crawford</u>, 124 S.Ct. at 1359. The Court characterized this right as a "bedrock procedural guarantee." <u>Id</u>. <u>Crawford</u> clarified that, when testimonial statements of unavailable witnesses are at issue, the only indicum of reliability sufficient to satisfy Constitutional demands is the prior opportunity for cross-examination. <u>Id</u>. at 1374. Unlike <u>Gideon</u>, however, <u>Crawford</u> did not alter the understanding of a bedrock procedural element, here the right to confrontation. <u>See</u> <u>Beard</u>, 124 S.Ct. at 2514 ("<u>Gideon</u>, it is fair to say, alter[ed] our understanding of the <u>bedrock procedural elements</u> essential to the fairness of a proceeding." (internal quotations and citations omitted, emphasis in original)). Accordingly, <u>Crawford</u> is not the type of decision

susceptible to retroactive application on collateral review.  Other courts to examine the issue in the habeas context agree.  See, e.g., Brown v. Uphoff, 381 F.3d 1219 (10th Cir. 2004); Evans v. Luebbers, 371 F.3d 438, 444 (8th Cir. 2004); Garcia v. United States, 2004 WL 1752588 (N.D.N.Y. Aug. 4, 2004).  Therefore, the Court finds Crawford does not apply retroactively to Duran's Petition.

Duran's ineffective assistance of counsel claims, which relate to trial counsel's performance with respect to his plea and appellate counsel's conduct, are also barred.  Duran contends these claims are timely under § 2255(4), which tolls the statute of limitations until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  However, the "newly discovered" evidence alluded to by Duran, the fact that his direct appeal was dismissed, is clearly something that he could have discovered within one year with the exercise of due diligence.

Therefore, the Government's Motion for Summary Dismissal (d/e 7) is ALLOWED.  Petitioner Duran's Motion to Set Aside and Vacate Sentence (d/e 1) is DISMISSED.  All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   December 3, 2004.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE