IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BENEDICTO SALINAS DURAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 04-3154 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Benedicto Salinas Duran (Duran) has filed a Notice of Appeal (d/e 11), which the Court will treat as a Motion for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) (Motion). For the reasons set forth below, the Motion is DENIED.

In 2001, Duran pled guilty to distributing cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced by this Court to 144 months imprisonment. He filed a timely appeal which was dismissed by the United States Court of Appeals for the Seventh Circuit on November 27, 2002. Duran did not seek review from the United States Supreme Court, and his conviction became final on February 25, 2003. Caspari v. Bohlen, 510 U.S.

1

383, 390 (1994); Sup. Ct. R. 13. In July 2004, Duran filed a Pro Se Motion to Set Aside and Vacate Sentence under 28 U.S.C. § 2255 (d/e 1) (Petition), which this Court dismissed as untimely. This decision was based, in part, on the holding that Blakely v. Washington and Crawford v. Washington do not apply retroactively to cases on collateral review. Blakely, 124 S.Ct. 2531 (2004); Crawford, 124 S.Ct. 1354 (2004).

Duran seeks to appeal the dismissal of his Petition. Appellate proceedings on collateral review, however, cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). If a petitioner files a notice of appeal, the district judge who rendered the judgment must either issue a COA or state why a certificate should not be issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2255 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for his Motion to be allowed, Duran must show that "reasonable jurists could debate whether the challenges in his habeas petition should [have] been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed

further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

Duran's Motion arguably presents three questions for certification to the Seventh Circuit Court of Appeals:

1. Whether the Supreme Court's holding in Blakely applies retroactively to cases on collateral review?

2. Whether the Supreme Court's holding in Crawford applies retroactively to Duran's case?

3. Whether his ineffective assistance of counsel claims were timely under 28 U.S.C. § 2255(4)?

The Court turns first to Duran's Blakely argument. Duran seeks to retroactively apply Blakely to his sentencing. The Supreme Court recently issued its opinion in United States v. Booker, which extended the principles first set forth in Blakely to the United States Sentencing Guidelines (U.S.S.G.).[1] Booker, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). The Booker decision did not, however, address the question of whether the principle of constitutional law first announced in Blakely, and applied to the U.S.S.G. in Booker, should be applied retroactively to cases on collateral review.

The Seventh Circuit recently addressed this particular question under

---

[1] Accordingly, the Court interprets Duran's Motion as invoking Booker.

3

the test for retroactivity set out by the Supreme Court in Teague v. Lane, 489 U.S. 288 (1989). In McReynolds v. United States, the Seventh Circuit held that the Supreme Court's decision in Booker "does not apply retroactively to criminal cases that became final before its release on January 12, 2005." McReynolds, 397 F.3d 479, 481 (7th Cir. 2005). The Court stated that Booker must be treated as a procedural rule for retroactivity analysis, and therefore, the Court applied the standard for retroactivity under the second Teague exception. Id. The Court concluded that, under Booker, for petitioners like Duran, "sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a 'watershed' change that fundamentally improves the accuracy of the criminal process." Id. Therefore, reasonable jurists would not disagree with this Court's earlier holding that Blakely, and now Booker, cannot be applied retroactively to Duran's case.² The Court denies Duran's request for a COA on this question.

---

²The Tenth Circuit and the Sixth Circuit have similarly held that the rule set out in Blakely and Booker does not apply retroactively in collateral proceedings. United States v. Price, 2005 WL 535361 (10th Cir. Mar. 8, 2005); Humphress v. United States, 2005 WL 433191 (6th Cir. Feb. 25, 2005)

4

Duran further contends that the rule in Crawford, which bars admission at trial of testimonial hearsay evidence unless the witness is unavailable and there was a prior opportunity for cross-examination, applies retroactively to his case. See Crawford, 124 S.Ct. at 1374. Duran waived his right to trial and entered an open plea of guilty to one count of the Indictment; therefore, the only possible application of Crawford to his case involves his sentencing hearing and hinges on Blakely/Booker. As discussed, supra, reasonable jurists would not debate the finding that Blakely and Booker do not apply retroactively to Duran's sentencing. Therefore, no reasonable jurist would debate this Court's decision that the rule of criminal procedure announced in Crawford cannot be applied retroactively to Duran's case. His request for a COA on this issue is denied.

Finally, to the extent Duran seeks to appeal the Court's dismissal of his ineffective assistance of counsel claims, his Motion is denied. Duran argued these claims were timely under 28 U.S.C. § 2255(4). The plain language of § 2255(4) tolls the one-year statute of limitations until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Reasonable jurists could not debate the dismissal of Duran's ineffective assistance of counsel

claims given the fact that the only "newly discovered" evidence alluded to by Duran is the fact that his direct appeal was dismissed. The Seventh Circuit dismissed his appeal on November 27, 2002, and Duran did not file his Petition until July 16, 2004. Duran clearly could have "discovered" the Seventh Circuit dismissal before mid-July 2003 with the exercise of due diligence, and § 2255(4) tolling cannot save his ineffective assistance claims.

THEREFORE, Duran's Motion for a Certificate of Appealability (d/e 11) is DENIED. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 14, 2005.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE